IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DYLAN DODD,<br><br>Plaintiff,<br><br>vs.<br><br>CABELA'S, INC., CABELA'S WHOLESALE, INC. and TLD INDUSTRIES, LLC,<br><br>Defendants. | CV 14–181–M–DLC<br><br>ORDER |

Defendants Cabela's Inc., Cabela's Wholesale, Inc., and TLD Industries, LLC jointly move to transfer this case to the Northern Division of the United States District Court for the District of Idaho. Plaintiff Dylan Dodd opposes the motion. For the reasons stated below, the Court denies the motion.

**Factual and Procedural Background**

Plaintiff filed this negligence and strict products liability action against Defendants on June 10, 2014. The product at issue in this action is "Rimfire Exploding Targets" ("the product"). Defendant TLD advertises, sells, and distributes the product. Defendant Cabela's Wholesale, Inc. sells the product at its retail stores, including its stores in Montana and Post Falls, Idaho.

-1-

Plaintiff is a resident of Hayden Lake, Idaho. Factually, Plaintiff alleges that on December 22, 2012, Karalynn Dodd and Amanda Lewis, both eighteen, purchased the product from a Cabela's store in Post Falls, Idaho and later gave the product to Plaintiff. Plaintiff alleges that the Cabela's employee negligently sold the product to Karalynn Dodd and Amanda Lewis because the employee did not verify the girls' ages. Plaintiff further alleges that on December 28, 2012, he and four companions used the product at a firing range in Hayden, Idaho and that he was injured when the product detonated after he poured it on a fire requiring emergency medical care and surgery in Coeur d'Alene, Idaho. As a legal theory, Plaintiff alleges that Defendants failed to adequately warn about the dangers associated with the product.

Defendants filed a motion requesting transfer under Title 28 U.S.C. § 1404(a) on July 8, 2014, asserting that the action is appropriately venued in the Northern Division of the United States District Court for the District of Idaho.

## Discussion

The Court may transfer a civil case to a district where it could have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). It is undisputed that this action could have been brought in the District of Idaho. The question is whether this action should be

transferred based on an assessment of the relevant factors. This involves a fact-specific inquiry. *Anderson v. Thompson*, 634 F. Supp. 1201, 1204 (D. Mont. 1986)

Title 28 U.S.C. § 1404(a) directs courts to analyze the convenience of the parties and witnesses and the interests of justice when deciding whether to transfer an action. Of these factors, the convenience of the parties and witnesses are generally "subordinate to the interests of justice." *Anderson*, 634 F. Supp. at 1204. Beyond the three factors specified in the statute, courts have looked to several other factors, including:

1. the plaintiff's choice of forum,

2. the ability of the two forums to compel non-party witnesses to testify,

3. the respective parties' relative contacts with the forums,

4. the court's familiarity with the governing law,

5. the relative congestion in the two forums,

6. ease of access to sources of proof, and

7. whether there is a "local interest" in the action.

*Hillerich & Bradsby Co. v. ACE American Ins. Co.*, 2012 WL 2359488 at *1 (D. Mont. June 20, 2012) (citations omitted). The relative weight assigned to each

factor "involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Commn. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). As the moving party, Defendants bear the "burden of making a 'strong showing' that the factors weigh in favor" of transfer. *Hillerich*, 2012 WL 2359488 at *1 (citing *Anderson*, 634 F. Supp. at 1204).

## I. Plaintiff's choice of forum

Although "substantial deference" is normally given to the plaintiff's choice of forum, "less deference" is given when the plaintiff is foreign. *RD Rod, LLC v. Mont. Classic Cars, LLC*, 2012 WL 6632185 at *4 (D. Mont. 2012). Defendants, however, "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Plaintiff chose to file this action in the District of Montana. Thus, Defendants must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Id.*

## II. The convenience of witnesses

Several potential witnesses reside in Idaho, including: Plaintiff; some of Plaintiff's family members; Amanda Lewis; some of Plaintiff's medical providers; and law enforcement personnel who responded to the incident. Defendants assert

that these potential witnesses' residence in Idaho makes Montana an inconvenient forum and warrants transfer. However, the fact that Defendants may "call witnesses who reside in a transferee district is not sufficient to warrant transfer, unless the party [seeking transfer] makes a sufficient showing that the witnesses will not attend, or will be severely inconvenienced if litigation proceeds in the transferor forum." *Anderson*, 634 F. Supp. at 1207.

The Court cannot conclude that holding trial in this forum would "severely inconvenience" these witnesses because Defendants have not made a showing that these witnesses will not attend or will be severely inconvenienced. On the contrary, Plaintiff's family members plan on attending the trial. Moreover, if other witnesses, such as Amanda Lewis or Plaintiff's medical providers, are actually needed for trial, it would not appear to be severely inconvenient for them to attend due to the relative proximity of this forum to Idaho.[1]

Furthermore, the focus of this inquiry is not on the number and location of witnesses, but the "materiality and importance of the anticipated witnesses." *Brunner v. Bawcom*, 2010 WL 3724436 at *8 (D. Mont. Sept. 15, 2010). The materiality and importance of the testimony of the witnesses identified by

---

[1] The proximity of the Missoula Division to Northern Idaho is actually closer than the Missoula Division is to much of the State of Montana.

Defendants it is not readily apparent to the Court, and Defendants fail to demonstrate the materiality and importance of these witnesses.

Finally, venue should not be transferred "when the transfer would merely shift the inconvenience from the defendant to the plaintiff." *Hillerich*, 2012 WL 2359488 at *2 (citing *Decker Coal Co.*, 805 F.2d at 843). Plaintiff identifies three witnesses to the incident who are residents of Montana and one witness to the incident who is a resident of North Dakota. Transferring this action to the District of Idaho would impermissibly shift the relative inconvenience to Plaintiff.

**III. The ability of the two forums to compel nonparty witnesses to testify**

Under Rule 45(c)(1) of the Federal Rules of Civil Procedure, a nonparty witness outside the state in which the Court sits, and not within 100 miles of the Court, may not be compelled to attend a hearing or trial. If a party is unable to utilize compulsory process, the Court must assess "the nature and materiality of the testimony of those unwilling witnesses falling outside the subpoena power of the transferor forum." *Anderson*, 634 F. Supp. at 1207.

Defendants correctly assert that there are potentially witnesses living in Idaho who could not be compelled to attend trial in Missoula, Montana.[2]

---

[2] Both parties discuss the materiality of the four witnesses to the incident. The Court notes that these four witnesses reside outside of Idaho, and thus, could not be compelled to attend trial in the District of Idaho.

Defendants, however, have not shown that any witnesses are unwilling to attend trial in this forum. Moreover, Defendants have left the Court to speculate about the nature and materiality of the testimony of these witnesses. In this products liability and negligence case, the Court deciphers little materiality to the testimony of the witnesses identified by Defendants, such as the law enforcement personnel who responded to the incident. The Court, therefore, gives little weight to Defendants' claims of potential unavailability.[3]

## IV. The respective parties' contacts with the forums

It is undisputed that Defendants do business within the District of Montana, and thus have contacts with this forum. It is also undisputed that Plaintiff has no significant contacts with Montana. This factor thus tips in neither party's favor.

## V. Familiarity with governing law

Idaho negligence and products liability law applies to this action. But while it is typically advantageous to have questions of substantive law "decided in a federal court sitting in the state whose substantive law governs," *Anderson*, 634 F. Supp. at 1205, Defendants make no showing that the governing substantive law of

---

[3] The presentation of witness testimony can be accomplished in multiple ways, including videotaped perpetuation depositions, or live video-conference testimony with the witness in a remote location. The Court is not opposed to any of these alternative methods and frequently receives trial testimony in this manner utilizing existing courtroom technology.

Montana is significantly different. "The weight to be afforded this factor is necessarily dependent upon the complexity and/or unsettled nature of the state law issues presented. If the substantive law of the two states pertinent to the legal issues presented is not significantly different, this factor should be accorded little weight." *Id.*

Plaintiff asserts the two forums' substantive law are substantially similar and Defendants do not dispute this. Defendants thus fail to demonstrate that transfer is warranted based on this Court's lack of familiarity with the governing law.

## VI. The relative congestion in the two forums

The docket congestion in both the transferor and transferee forums is "one of the practical factors a court may consider in a discretionary transfer motion." *Hillerich*, 2012 WL 2359488 at *3. The Court accords this factor great weight because it is pertinent to the interests of justice. *See Parsons v. Chesapeake & O. Ry. Co.*, 375 U.S. 71, 73 (1963).

Courts may look to statistics on the relative congestion in the two forums when analyzing this factor. *Hillerich*, 2012 WL 2359488 at *3. Statistics from the Administrative Office of the United States Courts show that there are 498 pending cases per judgeship in the District of Idaho with an average time

necessary to resolve a case of 11.9 months.  Administrative Office of the United States Courts, *Federal Court Management Statistics, Idaho Judicial Caseload Profile* (June 2014) (available at http://www.uscourts.gov/viewer.aspx?doc=/ uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=71).  In the District of Montana, there are 312 pending cases per judgeship with an average time necessary to resolve a case of 9.2 months. Administrative Office of the United States Courts, *Federal Court Management Statistics, Montana Judicial Caseload Profile* (June 2014) (available at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtMana gementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=72).  Montana has three active Article III Judges.  Idaho has one.  This factor thus weighs strongly against transfer.

**VII.  Ease of access to sources of proof**

Defendants assert that all the record evidence, from both the store at issue and Plaintiff's medical providers, is in Idaho.  As other courts have noted, however, technology, has eased access to documentary sources of proof.  *See e.g. Metz v. United States Life Insurance Co.*, 674 F.Supp.2d 1141, 1149 (C.D. Cal. 2009).  Moreover, Defendants do not contend that accessing relevant documentary records would cause them hardship and Defendants have not shown that there is

immovable evidence located at the scene of the incident in Idaho that would require inspection by the Court or jury. Defendants have thus failed to demonstrate that transfer is warranted based on difficulties in accessing sources of proof.

**VIII. "Local interest" in either of the forums**

Here, both forums have a local interest in the action. Plaintiff is an Idaho resident, the product was purchased in Idaho, and the accident occurred in Idaho. On the other hand, the product at issue is sold at the Cabela's retail stores in Missoula and Kalispell, Montana. Therefore, Montana consumers have a valid interest in the resolution of this action. Again, Defendants fail to demonstrate that this forum does not have an interest in this action.

**Conclusion**

Ultimately, Defendants have failed to make a "strong showing" that the relevant factors weigh in favor of a transfer sufficient to upset Plaintiff's choice of forum. The Court gives considerable weight to the relative lack of congestion in the District of Montana which serves the interests of justice. Defendants' motion to transfer venue under Title 28 U.S.C. § 1404(a) is therefore denied.

IT IS ORDERED that Defendants' motions to transfer (Docs. 8 & 12) are DENIED.

DATED this 26th day of November 2014.

*[signature]*
Dana L. Christensen, Chief District Judge
United States District Court